

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-20-00098-CR

———————————————————

CHARLES CLEVELAND NOWDEN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1182411D

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Charles Cleveland Nowden appeals from the trial court's order denying his second postconviction motion for forensic DNA testing. He contends that if a DNA test had excluded him as a contributor to any "touch" DNA found on the twenty-dollar bill he was accused of forging, it would have "supported his Argument that someone else committed the offense." Because Nowden's identity was not at issue, we conclude that it was reasonably likely that he would have been convicted even if exculpatory DNA results had been available at his trial. Thus, the trial court did not abuse its discretion by denying Nowden's motion, and we affirm the trial court's order.

## I. BACKGROUND

### A. THE OFFENSE

On November 6, 2009, Nowden ordered two hot dogs, a bucket of popcorn, and two sodas at a movie theater, paying with a twenty-dollar bill. The concession employee, Stephen Howard, tested the bill with a counterfeit-detection pen and determined that the bill had been forged. An assistant manager alerted the theater's security officer, Mike Lemoine, that someone was trying to pass "some not real money." Lemoine escorted Nowden outside the theater and detained him until the police arrived. Before officers arrived, Lemoine discovered that there were six additional twenty-dollar bills hidden inside the wrapper of one of Nowden's hot dogs.

The United States Secret Service later determined that the seven bills had been, in fact, forged.

Nowden represented himself at trial and, in his closing jury argument, admitted that he had possessed the forged bills: "I'm not denying it didn't happen. I had the bills. Did I know they was fake? No." A jury found him guilty and assessed his punishment at 80 years' confinement. *See* Tex. Penal Code Ann. §§ 12.42(d), 32.21(e). The Amarillo Court of Appeals affirmed his conviction. *Nowden v. State*, No. 07-12-0037-CR, 2013 WL 1501786, at *3 (Tex. App.—Amarillo Apr. 11, 2013, pet. ref'd) (per curiam) (mem. op., not designated for publication).

## B. THE POSTCONVICTION MOTIONS

On May 15, 2019, Nowden filed a postconviction motion for forensic DNA testing, asking for DNA testing on the twenty-dollar bill he had given to the concession employee and one of the bills found in the hot-dog wrapper because it was reasonably probable that the results from those tests would establish his actual innocence. The trial court denied the motion on August 12, 2019, and Nowden voluntarily dismissed his appeal from that order.[1] *Nowden v. State*, No. 02-19-00314-

---

[1]Because we did not address the merits of the trial court's denial of his first motion, the law-of-the-case doctrine does not bar our consideration of Nowden's arguments in this appeal from the denial of his second similar motion. *See, e.g.*, *Willis v. State*, No. 02-20-00022-CR, 2020 WL 6165310, at *2 (Tex. App.—Fort Worth Oct. 22, 2020, pet. ref'd) (mem. op., not designated for publication).

CR, 2020 WL 7253383, at *1 (Tex. App.—Fort Worth Dec. 10, 2020, no pet. h.) (per curiam) (mem. op., not designated for publication).

On May 6, 2020, Nowden filed a second motion, again arguing that DNA testing of the bill given to the concession employee and one of the other bills would prove his actual innocence—he was not "the person who passed a counterfeit $20 bill to the victim." *See* Tex. Code Crim. Proc. Ann. arts. 64.01(a-1), 64.03(a). The trial court appointed counsel for Nowden. *See id.* art. 64.01(c). The State responded that it had the bills in its possession; however, the State argued that Nowden had not met his burden to show that he would not have been convicted if DNA results had been exculpatory and that Nowden's identity had not been at issue at trial. *See id.* arts. 64.01(c), 64.02(a). The State averred, therefore, that Nowden was not entitled to forensic DNA testing. The trial court found that identity had not been an issue at trial and that significant other evidence established Nowden's guilt such that even if the results of DNA testing of the bills were exculpatory, he would likely have been convicted anyway. Accordingly, without holding an evidentiary hearing, the trial court denied Nowden's second motion as it had the first. *See id.* art. 64.03(a)(1); *see also Whitaker v. State*, 160 S.W.3d 5, 8–9 (Tex. Crim. App. 2004) (recognizing trial court may deny DNA testing without holding evidentiary hearing).

## II.  PROPRIETY OF DENIAL OF
## POSTCONVICTION DNA-TESTING MOTION

In his pro se appeal from the trial court's denial, Nowden argues that it is reasonably likely that the bills in question contained testable "touch DNA" that, if exculpatory, would support his actual-innocence claim.  He also contends that even though his identity as the perpetrator was not an issue at trial, it "is currently an issue."

When a trial court rules on a motion for postconviction DNA testing without conducting an evidentiary hearing, we review the trial court's ruling de novo.  *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).  A trial court may order DNA testing only if it finds several statutory preconditions are met.  *See* Tex. Code Crim. Proc. Ann. art. 64.03(a); *Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014).  As relevant here, identity must have been or is an issue in the case, and the preponderance of the evidence must establish that Nowden would not have been convicted if exculpatory results had been obtained through DNA testing.  *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(C), (2)(A).  Nowden bore the burden to show both.  *See id.* art. 64.03(a); *Brown v. State*, No. 02-12-00263-CR, 2013 WL 2631173, at *2 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication).  We do not consider posttrial evidence when deciding whether or not Nowden carried his burden to establish by a preponderance that he would not have been convicted if exculpatory DNA evidence had been available.  *See Holberg*,

5

425 S.W.3d at 285. In other words, we determine "whether, and to what extent, exculpatory results from a DNA testing of the [bills] would alter the landscape if added to the mix of evidence that was available at the time of trial." *Id.*

At trial, Howard testified that Nowden gave him a twenty-dollar bill that was forged. While Howard was testing the bill, Nowden acted nervous "like [he] knew something was wrong with the bill," asked for the bill back, asked if the bill "was fake or not," and tried to give Howard a different bill. Based on Nowden's behavior, Howard assumed that Nowden knew the bill was "fake." Lemoine found six more counterfeit twenty-dollar bills inside one of Nowden's hot-dog wrappers. Nowden admitted at trial that he gave Howard the twenty-dollar bill that was found to be forged, but he asserted that he did not know it was forged.

Accordingly, even if the results of DNA testing of the bills had been exculpatory—Nowden's DNA would not have been found on the bills—Nowden has not established by a preponderance that he would not have been convicted. It was reasonably probable that others' DNA would have been found on the bills because Howard, Lemoine, and the assistant manager handled the bill Nowden attempted to pay with and because Lemoine handled the bills found in the hot-dog wrapper, which diminished any probative value the DNA evidence would have had. *See, e.g.*, *Dunning v. State*, 572 S.W.3d 685, 693–94 (Tex. Crim. App. 2019); *Hall v. State*, 569 S.W.3d 646, 658 (Tex. Crim. App. 2019); *Willis*, 2020 WL 6165310, at *2–3. And DNA results would not have been relevant to the disputed issue of whether Nowden knew the

twenty-dollar bills were forged and, thus, whether he had the intent to defraud another. *See* Tex. Penal Code Ann. § 32.21(b); *Holberg*, 425 S.W.3d at 287–88. *See generally Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010) ("Texas courts have consistently held that a movant does not satisfy his burden under Article 64.03 if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing.").

## III. CONCLUSION

We conclude that Nowden failed to establish by a preponderance that he would not have been convicted if exculpatory DNA results from the bills had been available at trial. In other words, exculpatory DNA results, even if added to the mix of evidence introduced at trial, would not have altered the trial's landscape. Thus, the trial court did not err by denying Nowden's second postconviction motion for such testing. We overrule Nowden's issue and affirm the trial court's order. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 21, 2021

7